IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jennifer Curry-Cobbs, *individually and as Personal Representative of the Estate of Jermaine Cobbs*,<br><br>    Plaintiff,<br><br>v.<br><br>Richland County; Richland County *as the entity owning and operating the Alvin S. Glenn Detention Center*; Offender Management Services, Inc.; ProntoTrak, Inc.; John Does 1–10,<br><br>    Defendants. | Case No. 3:22-cv-4394-JDA<br><br>**OPINION AND ORDER** |

  This matter is before the Court on a motion for summary judgment filed by Defendant Richland County.[1] [Doc. 61.]

  Plaintiff, individually and as the Personal Representative of the Estate of Jermaine Cobbs ("Plaintiff"), filed an Amended Complaint in the Richland County Court of Common Pleas on November 16, 2022, asserting a claim pursuant to 42 U.S.C. § 1983 for violation of his Fourteenth Amendment Due Process rights (the "Due Process Claim"), as well as various state-law tort claims and claims for survival, wrongful death, and loss of

---

[1] Although Richland County is listed in the caption twice—once as Richland County and once as Richland County *as the entity and operating the Alvin S. Glenn Detention Center* (the "County Operating ASGDC") [Doc. 1-3 at 1]—because Plaintiff's § 1983 claim addressed in this Order is against only Richland County [*id.* at 7 (§ 1983 claim asserted against Richland County Sheriff's Office, Richland County, Shane Kitchen, and John Does 1–10)] and the motion for summary judgment was filed on behalf of only Richland County [Doc. 61], this Order addresses only Richland County and not the County Operating ASGDC.

consortium.[2] [Doc. 1-3.] Richland County Sheriff's Department removed the action to this Court on December 5, 2022. [Doc. 1.] On March 4, 2024, Richland County filed a motion for summary judgment on all claims asserted against it. [Doc. 61.] Plaintiff filed a response in opposition on March 15, 2024 [Doc. 63] and Richland County filed a reply on March 22, 2024 [Doc. 68]. Richland County also filed an additional attachment to its reply on March 23, 2024 [Doc. 69], and a notice of supplemental authority on March 27, 2024 [Doc. 70].

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

On or about March 17, 2020, Michael Dennis, a previous offender with an extensive criminal history, was arrested for burglary in the first degree, armed robbery, kidnapping, assault and battery in the first degree, and possession of a weapon during the commission of a violent crime. [Docs. 61-5 at 3:11–15, 5:7–15.] On May 29, 2020, Dennis appeared before a judge for a bond hearing and his bond was set at $75,000.[3]

---

[2] Defendants Richland County Sheriff's Department, through Leon Lott, in his Official Capacity as Sheriff of Richland County; Shane Kitchen; John Doe Electronic Monitoring Company; and ProntoTrak, LLC, have all been dismissed from the action. [Docs. 33; 42; 59.] Defendants Offender Management Services and ProntoTrak, Inc. apparently settled with Plaintiff [Doc. 61-1 at 1 n.1] but have not yet filed a motion to approve the settlement. Accordingly, this Order addresses only Defendants Richland County and John Does 1–10.

[3] The transcript from the bond hearing and the Bail Proceeding Form II signed by the judge are in conflict as to whether the bond was a surety bond or a cash bond. [*Compare* Doc. 61-5 at 13:17–19 *with* Doc. 63-2 at 1–2.]

2

[Docs. 61-4 ¶ 7; 61-5 at 13:17–19; 63-2 at 1–2.]  However, the Richland County Clerk of Court's Office (the "Clerk's Office") issued a discharge document incorrectly indicating that Dennis had satisfied a personal recognizance bond and could be released after being fitted with an electronic monitoring device.  [Docs. 61-6; 61-4 ¶¶ 7, 10.]  By June 10, 2020,[4] the Clerk's Office realized it had sent an incorrect discharge document but did nothing to correct this error beyond notifying the public defender and assistant solicitor in Dennis's case.  [Doc. 61-4 ¶¶ 12–13.]  On October 29, 2020, Defendants allegedly received information that Dennis had committed another burglary and was in possession of firearms but did nothing to apprehend him.  [Doc. 1-3 ¶¶ 26–27.][5]

On November 2, 2020, Dennis was involved in a shoot-out with law enforcement during which Plaintiff and her husband, Jermaine Cobbs ("Decedent"), were held hostage at gunpoint.  [*Id*. ¶¶ 28–29; Doc. 63-4 at 52:22–53:3.]  Decedent was able to wrestle the gun away from Dennis and assist law enforcement in subduing him.  [Doc. 1-3 ¶ 30.]  In the days following this incident, Plaintiff alleges that she and Decedent "were unable to sleep and were plagued by severe and intolerable mental distress."  [*Id*. ¶ 38.]  Five days after the incident, on November 7, 2020, Decedent lost control of his vehicle, struck a tree, and subsequently died.  [*Id*. ¶ 39.]  Plaintiff alleges that Decedent's death was caused by the actions and inactions of Defendants.  [*Id*. ¶¶ 39–40.]

## **APPLICABLE LAW**

---

[4] The affidavit lists this date as June 10, 2021, but that appears to be a scrivener's error.

[5] The Court cites to portions of the Amended Complaint for background purposes only, as these particular facts have no bearing on the Court's holding and are instead included to provide a more thorough recitation of the allegations in this case.

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id.* at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

4

summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Richland County moves for summary judgment on all claims asserted against it. [Doc. 61.] Based on the below analysis, the Court concludes that the Due Process Claim against Richland County should be dismissed and the case should be remanded to state court for adjudication of Plaintiff's remaining state-law claims.

**Due Process Claim**

Plaintiff's only federal law claim in this action is against Richland County and John Does 1–10,[6] alleging that they violated Plaintiff's Fourteenth Amendment due process rights under 42 U.S.C. § 1983. Under § 1983, a plaintiff may file suit against any person

---

[6] Plaintiff has never identified "John Does 1–10," nor has she moved to substitute any actual party for these defendants. Because Plaintiff has not served these defendants, the Court finds that "John Does 1–10" should be dismissed from the case. *See* Fed. R. Civ. P. 4(m) (requiring defendants to be served within ninety days after a complaint is filed).

5

who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a § 1983 claim against a municipality, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan by Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). A municipality cannot be held liable under § 1983 on a respondeat superior theory, and liability attaches only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691, 694 (1978).

Richland County argues it is entitled to summary judgment on the Due Process Claim because Plaintiff failed to plead the existence of an official policy or custom that proximately caused the deprivation of her rights as required by *Monell*. [Doc. 61-1 at 8.] The Court agrees.

Instead of alleging that *Monell* liability attaches because a Richland County policy or custom led to Dennis's unauthorized release from custody, Plaintiff alleges the opposite: that "the erroneous release of a violent criminal *in violation of* a Court Order and *their own policies and procedures*, constitute[s] . . . violation of the Plaintiff and Decedent's Fourteenth Amendment Rights." [Doc. 1-3 ¶ 42 (emphasis added).] Plaintiff further argues in her response to Richland County's motion for summary judgment that Alvin S. Glenn Detention Center ("ASGDC"), owned and operated by Richland County, "failed to obtain a complete copy of the signed Judge's Order prior to releasing Mr. Dennis in

6

contravention of its own policies and procedures" [Doc. 63 at 5–7] and "should have followed its own policies and procedures and recognized the clear discrepancy between the information it had in its possession at the time it released Mr. Dennis" [*id.* at 7–9]. Plaintiff cites to ASGDC policies that prescribe procedures and requirements to ensure there is legal authority for releasing inmates and argues that if ASGDC had "adhere[d] to its own policies and procedures," Dennis would not have been released without authorization.  [*Id.* at 6–8.]  This is the opposite of a *Monell* claim.

In her response to Richland County's motion for summary judgment, Plaintiff argues for the first time that "the evidence in this case clearly supports a *Monell* claim against Richland County" because ASGDC "had an established policy and custom to release inmates based on solely on the [discharge] paperwork produced by the Clerk of Court's office, without regard to the Court's orders," which "ultimately caus[ed] the violation of [Plaintiff's] rights."  [Doc. 63 at 10-11.]   However, as discussed, Plaintiff did not allege the existence of such a custom or policy in her Amended Complaint, and she may not amend her complaint through argument in a brief opposing summary judgment. *See Harris v. Reston Hosp. Ctr., LLC*, 523 F. App'x. 938, 946 (4th Cir. 2013) ("[C]onstructive amendment of the complaint at summary judgment undermines the complaint's purpose and can thus unfairly prejudice the defendant."); *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) ("[P]laintiffs may not raise new claims without amended their complaints after discovery has begun."). Plaintiff has not pled an official policy or custom that, when executed, led to Dennis'

release,[7] but instead premises her *Monell* claim on Richland County's alleged "violation" of its "own policies and procedures" [Doc. 1-3 ¶ 42], which is not a proper basis for establishing municipal liability under *Monell*.

Accordingly, the Court concludes that Plaintiff has failed to adequately plead a *Monell* claim and grants summary judgment to Richland County.

**Supplemental Jurisdiction**

Plaintiff's remaining state-law claims could be heard by this Court through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state-law claims along with federal claims.[8] Federal courts are permitted to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." A court has "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In deciding whether to exercise supplemental jurisdiction, courts look at "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*. "[G]enerally, when a district court dismisses all federal claims in the early stages of litigation—e.g., at the summary-judgment stage—it should decline to exercise jurisdiction over any remaining pendent

---

[7] Because the Court concludes that Plaintiff has failed to plead an official policy or custom as required under *Monell*, it declines to analyze any other arguments regarding the Due Process Claim.

[8] A civil action for Plaintiff's state-law claims could be cognizable in this Court under the diversity statue if that statute's requirements are satisfied. However, this Court does not have diversity jurisdiction in this case because Plaintiff and several remaining Defendants are all citizens of the State of South Carolina [Doc. 1-3 ¶¶ 1–2, 4, 7], which defeats the required complete diversity of parties, *see* 28 U.S.C. § 1332.

state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, No. 22-6029, 2024 WL 2195579, at *6 (4th Cir. May 16, 2024) (internal quotation marks omitted) (affirming district court's order granting summary judgment to the defendants on the only remaining federal claim, declining to exercise supplemental jurisdiction, and dismissing the state-law claim without prejudice).

In this case, remand of the state-law claims is appropriate in light of the *Shanaghan* factors. The case originated in state court and, thus, Plaintiff would not have to file a new action. Indeed, Plaintiff sought to remand the case to state court after it was removed. [Doc. 12.] Moreover, the remaining claims present state-law questions. Finally, the case is at the early stages of litigation and judicial economy will not be hindered by remanding the state-law claims.[9] Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims in this case and remands those claims to state court.

## CONCLUSION

For these reasons, the Court DISMISSES Defendants John Does 1–10, GRANTS Defendant Richland County's motion for summary judgment as to Plaintiff's § 1983 claim, and REMANDS the action for adjudication of Plaintiff's remaining causes of action.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

May 30, 2024
Columbia, South Carolina

---

[9] The case was also recently reassigned to the undersigned on February 15, 2024, and thus judicial economy would be no better served if the Court retains jurisdiction instead of remanding the remaining state-law claims.